Christine Richards                    :

v.                    :

David Fiore.                    :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Christine Richards        :

v.        :

David Fiore.        :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** David Fiore (defendant) appeals pro se from a Family Court order dismissing his motion for the return of certain personal property and also denying and dismissing his motion entitled, "[defendant's motion for duty of state courts to hear federal question(s)]." Fiore contends that the Family Court clerk's office "failed to perform a fiduciary duty" by not docketing a motion and a "[l]etter of appeal" that he filed "while he was in [f]ederal custody serving a prison sentence," which he avers constitutes a due process violation with respect to the right of "access to the court." This case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Family Court.

- 1 -

# I

## Facts and Procedural History

Mr. Fiore and plaintiff Christine (Richards) Gough[1] were married on January 13, 2001, and they have one child, a daughter. The couple separated on or about January 30, 2001, when Fiore was incarcerated in a federal penitentiary for an eight-year sentence for drug trafficking. On March 1, 2006, Gough filed a complaint for divorce. On June 21, 2006, she was granted a divorce, which became final on October 10, 2006. In the final decree, Gough was awarded sole custody of the couple's daughter, as well as all personal property in her possession, except a pair of diamond earrings, a painting of Roger Williams, and an oval table, which was awarded to Fiore. The defendant was awarded personal property then being stored at Gough's maternal grandmother's house.

In a motion dated June 26, 2006, Fiore requested an evaluation of his daughter "[concerning what she wants for visitation with her father]." Although this motion was date-stamped as received by the court on June 29, 2006, it was not entered on the court docket sheet, nor did defendant schedule it for a hearing. By letter dated June 23, 2006, Fiore requested the Family Court clerk to "forward any papers available regarding the procedure to appeal the judgement [sic] of divorce." This letter was date-stamped as received on July 11, 2006, but it also was not docketed. In another letter filed with the clerk on July 11, 2006, but again not docketed, defendant objected to plaintiff's proposed decision pending entry of final judgment and moved to stay the decision. On July 18, 2006, however, Fiore filed a motion to withdraw his objection to entry of the judgment of divorce, stating that his earlier motion was "written out of emotion" rather than logic.

---

[1] The record indicates that plaintiff is remarried. Accordingly, we shall refer to her by the name of Christine Gough.

In February 2010, shortly after his release from prison, Fiore filed a motion for visitation entitled "[motion for access to child]." In reply, Gough filed a motion to dismiss on the grounds that because she and her daughter had been living in Maryland for more than three years, Rhode Island was an inconvenient forum and Maryland would be the proper venue to determine visitation. After a hearing on April 13, 2010, the hearing justice dismissed Fiore's motion under the Uniform Child Custody Jurisdiction and Enforcement Act, G.L. 1956 chapter 14.1 of title 15 (UCCJEA), specifically § 15-14.1-19, contingent upon Gough's filing an affidavit that she had resided in Maryland for a period in excess of six months. On May 3, 2010, plaintiff filed an affidavit attesting that she and the parties' daughter had resided in Maryland since July 2006. The defendant moved for reconsideration, and on August 3, 2010, the hearing justice denied reconsideration, stating that the Family Court no longer had jurisdiction over the matter.

On November 19, 2010, Fiore filed two motions that are the subject of the instant appeal: a motion for the return of missing property and a motion entitled "[duty of state courts to hear federal question(s)]" (federal question motion). Fiore also demanded a jury trial on these motions. At a hearing on February 4, 2011, Gough turned over the pair of diamond earrings that purportedly were awarded to Fiore in the divorce decree, and the hearing justice then dismissed the motion for the return of missing property and denied and dismissed the federal question motion.

The plaintiff submitted a proposed order after the decision, to which Fiore objected, saying that after the February 4 hearing, he had the diamond earrings examined by a jeweler "and had him document what type of diamond earrings" Gough had provided. Fiore asserted that Gough had given him the wrong earrings, and additionally argued that the proposed order incorrectly stated that his motion for the return of missing property was dismissed with

prejudice; rather, he contended, it should have been dismissed without prejudice. On April 29, 2011, Fiore filed a "[letter of record]" with the court, documenting his return of the diamond earrings to Gough via certified mail and asserting that they were "not the diamond earrings of [r]ecord."

At the hearing on June 1, 2011, on Fiore's objection to the proposed order, the hearing justice noted that, according to his recollection, at the earlier hearing, Fiore "at first, did not want to take [the earrings]," but that Fiore finally had said, "All right. I'll take them. I'll let it go." Fiore, reading from the February 4 transcript, recalled the hearing justice's previous statement that: "It seems to me, it would make sense that you accept [the diamond earrings]. And if they are not the right ones, you bring it to my attention." The hearing justice also pointed out that Fiore had stated at the earlier hearing that he did not want to waste the court's time and that he was just going to leave and go to Federal Court. Fiore agreed with the hearing justice's recollection, and explained that the absence of a jury trial in Family Court was his reason for withdrawing his motion.

The hearing justice recessed the hearing to review the full transcript of the February 4 hearing, after which he approved the proposed order dismissing defendant's motion with prejudice, stating "I think the proposed order as presented by [Gough] reflects what happened that day." An order to that effect was entered on June 1, 2011, dismissing the motion for return of missing property with prejudice, noting that plaintiff had returned "a certain set of diamond earrings" and denying and dismissing the federal question motion. Fiore filed a notice of appeal that same day.

## II

### Standard of Review

This Court will "apply a <u>de novo</u> standard of review * * * to questions of law, as well as to mixed questions of fact and law that purportedly implicate a constitutional right." <u>State v. Wiggins</u>, 919 A.2d 987, 989 (R.I. 2007).

## III

### Discussion

On appeal, Mr. Fiore challenges both the hearing justice's denial of his federal question motion and the denial of his motion for return of missing property.

### A

### Federal Question Motion

The defendant argues that the Family Court's failure to docket both his June 2006 motion for evaluation of his daughter and his July 23, 2006 "[l]etter of appeal" constitutes "a due process violation of Fiore's right of access to the [c]ourt." Thus, Fiore contends that the hearing justice wrongfully denied his federal question motion on February 4, 2011. We perceive no merit to defendant's contention that the clerk's failure to docket his "[l]etter of appeal" resulted in a deprivation of due process. Clearly, that letter, addressed to the principal supervisory clerk of the Family Court, requesting her to "[p]lease forward any papers available regarding the procedure to appeal the judgment of divorce" cannot be construed as a valid notice of appeal. Moreover, defendant neither tendered a filing fee nor did he file a petition seeking relief from payment of the filing fee for reason of indigency, as required by Article I, Rule 5(b)(1) of the Supreme Court Rules of Appellate Procedure. Significantly, shortly after filing the "[l]etter of appeal," Fiore filed another document stating that he no longer was contesting the entry of final

judgment in his divorce, thus effectively abandoning any intention he may have had to file an appeal. Accordingly, this issue undeniably is without merit.

With respect to the aspect of his federal question motion alleging a constitutional violation due to the court clerk's failure to docket his June 2006 motion for an evaluation of his daughter, defendant submits:

> "That upon the return to the date of the due process violation Fiore will recover the right of the third party evaluation, with the jurisdiction of the child remaining in the State of Rhode Island as the Family Court must return to the date of the due process violation and provide Fiore with a new divorce trial hearing, as all orders provided after the due process violation will be considered moot."

We first note that even if the Court were to find a due process violation for failure to docket defendant's motion for an evaluation, which we do not, such a violation would not turn back the clock to June 2006 and entitle defendant to a new divorce trial. Second, the record is silent about whether Fiore ever attempted to schedule a hearing on the motion. We recognize the difficulties inherent for a pro se litigant who is incarcerated out of state. Nevertheless, as defendant acknowledged in his pleadings, arrangements were made for him to appear by telephone at his divorce trial. Here, there is no suggestion in the record that defendant ever attempted to place his motion on the court calendar for a hearing.[2] Before a litigant seeking affirmative relief may allege a denial of due process, he or she first must attempt to engage whatever process he or she contends is due. See Boddie v. Connecticut, 401 U.S. 371, 378 (1971) (noting that due process requires a meaningful opportunity to be heard, but that the

---

[2] Mr. Fiore did send a letter to the Kent County Family Court clerk dated December 14, 2006, indicating that he never had received a ruling on the motion and requesting "the status of this pending motion." Rule 6(c) of the Family Court Rules of Procedure for Domestic Relations requires that "[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days * * * before the time specified for the hearing * * *." (Emphasis added).

- 6 -

"formality and procedural requisites" can vary, and further stating that "[d]ue process does not, of course, require that the defendant in every civil case actually have a hearing on the merits," observing that "[a] State, can, for example, enter a default judgment against a defendant who, after adequate notice, fails to make a timely appearance * * * or who, without justifiable excuse, violates a procedural rule"). More significantly, however, the hearing justice dismissed Fiore's "[motion for access to child]" after a hearing on April 13, 2010, ruling that Rhode Island was an inconvenient forum. Although Fiore sought reconsideration of that matter, he did not appeal from either the order dismissing his motion for visitation or from the order denying reconsideration thereof.[3]

Under the UCCJEA, "[a] court of this state which has jurisdiction * * * to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum * * * and that a court of another state is a more appropriate forum." Section 15-14.1-19(a). In determining whether it is an inconvenient forum, the court considers several factors, including: "[t]he length of time the child has resided outside this state," "[t]he distance between the court in this state and the court in the state that would assume jurisdiction" and the "location of the evidence required to resolve the pending litigation, including testimony of the child." Section 15-14.1-19(b)(2)(3)(6). Where the Family Court has jurisdiction under the UCCJEA, it properly may decline to exercise jurisdiction where to do otherwise would "open[] the door for jurisdictional conflict." Jordan v. Jordan, 586 A.2d 1080, 1084 (R.I. 1991).

---

[3] We note that the Family Court Rules of Procedure for Domestic Relations do not recognize a motion for reconsideration. This Court, however, has treated such motions as a motion to vacate under Rule 60 of the Superior Court Rules of Civil Procedure. See School Committee of Cranston v. Bergin-Andrews, 984 A.2d 629, 649 (R.I. 2009) ("Historically, we have allowed 'motions to reconsider' to be treated as motions to vacate under Rule 60(b) * * *.").

Because the order dismissing defendant's motion for visitation based on the terms of the UCCJEA is a final order, he no longer may litigate issues concerning custody and visitation in this jurisdiction.

**B**

**Missing Property Motion**

Mr. Fiore additionally appeals the denial with prejudice of his motion for the return of missing property, asserting that his claim should have been withdrawn without prejudice.[4] He argues that his voluntary withdrawal of his claim was made so that he could have a jury trial in another court. In her reply, Gough avers that defendant attempted to withdraw his motion only after he had been afforded an evidentiary hearing and as the hearing justice was ready to render a decision. She further argues that defendant is attempting to "work the system" through multiple pro se appeals and in forma pauperis status.

Our review of the February 4 hearing transcript reveals that Fiore advised the court: "You know what, Your Honor, I am not wasting any more time. I want to withdraw. I just want to withdraw. Just -- they are taking everything. On this issue of the property, I don't want to waste the time anymore." Significantly, however, defendant already had rested his case after presenting himself and plaintiff as witnesses and cross-examining plaintiff's only witness. The defendant then affirmed that he would take the diamond earrings and requested "some type of monetary award for the oval table that's missing," acknowledging that he was unable to put a value on it. After determining that plaintiff was unwilling to offer any money for the table, the hearing justice said the defendant had not met his burden of proof about value, to which Fiore

---

[4] Although Fiore did not originally furnish the February 4 hearing transcript to this Court for this appeal under Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure, he provided it to us at oral argument.

replied, "[t]hen I will let it go. I will let it go."   The hearing justice then ruled: "The diamond earrings can be returned.  I believe that resolves the personal property issue."   At the June 1 hearing, although Fiore alleged that he took the earrings to a jeweler and that they were not "the right ones," he did not proffer an appraisal or any evidence to indicate that any verification took place.

After reviewing the February 4 transcript and hearing arguments from both parties at the hearing on June 1, 2011, the hearing justice stated, "I think the proposed order as presented by [Gough] reflects what happened that day."  We also have reviewed the transcript and concur with the hearing justice.  The defendant's attempted withdrawal of the motion occurred only after he had been afforded the opportunity to present his witnesses and evidence.  The fact that at the eleventh hour he may have realized that he had been unable to prove his case does not entitle him to a second bite at the apple.  Nor should the plaintiff be required to defend the motion in another forum.  We are of the opinion that the hearing justice did not err in dismissing the defendant's motion for the return of personal property with prejudice.

**IV**

**Conclusion**

For the reasons stated in this opinion, we affirm the order of the Family Court.  The record of this case shall be returned to the Family Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**


*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**        Christine Richards v. David Fiore.

**CASE NO:**        No. 2011-255-Appeal.
(K 06-118)

**COURT:**        Supreme Court

**DATE OPINION FILED:**  December 12, 2012

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**        Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**    Kent County Family Court

**JUDGE FROM LOWER COURT**:

Associate Justice Stephen J. Capineri

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Christine Richards Gough, Pro Se

For Defendant:  David W. Fiore, Pro Se